RECEIVED

MAR 03 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ANGEL GRANGER AND,
CASEY DIXON-DESCANT
    Plaintiff

CIVIL ACTION 09-cv-1634

VERSUS

AARON'S, INC.,
    Defendants

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is defendant's, Aaron's, Inc. ("Aaron's") Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. Item 9). Aaron's contends plaintiffs' sexual harassment and discrimination claims as well as their state law claims should be dismissed as they are all time barred.

### Facts

Casey Dixon-Descant ("Descant") and Angel Granger ("Granger") were employed by Aaron's as customer service representatives. Both Descant and Granger worked in the store managed by Kennard Williams ("Williams"). The two contend they were subjected to sexual harassment by Williams and were forced to resign their employment on June 30, 2007 and September 23, 2007 respectively.

Plaintiffs retained counsel who filed complaints of discrimination with the U.S. Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") by mailing a copy of

the same on November 7, 2007. In September of 2008, an employee of plaintiffs' counsel called OFCCP to determine the status of the case and she was told that the complaints had been referred to the Equal Employment Opportunity Commission ("EEOC") for handling. Letters from the OFCCP to plaintiffs, their attorney and the EEOC sent on or about September 4, 2009 as well as two "Notice of Charge of Discrimination" sent by the EEOC on or about September 16, 2008 confirm the transfer.

On August 28, 2009, plaintiffs filed suit in the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana alleging sexual harassment and constructive discharge in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000e, et seq., and Louisiana Employment Discrimination Law, La. R.S.23:301, et seq. , and state law claims of sexual battery, invasion of privacy and tortious infliction of emotional distress. The matter was removed to this court on September 17, 2009 and Aaron's filed the motion to dismiss, or in the alternative, motion for summary judgment. In the motion, Aaron's argued plaintiffs Title VII discrimination claims were barred because they did not file a complaint of discrimination with the EEOC within 300 days of the alleged discriminatory conduct; their LEDL claims should be dismissed because they did not file suit until approximately two years after their claims prescribed; and their state law claims should be dismissed because they did not file suit within the one year prescriptive period.

2

Law and Analysis

Summary Judgment

Defendant's motion was filed as a motion to dismiss or in the alternative a motion for summary judgment. Though Aaron's motion is accompanied by documentary evidence which is arguably referenced in the pleadings, and therefore properly considered under a motion to dismiss, the exhibits attached to plaintiffs' opposition are outside the pleadings. Therefore, in accordance with Fed.R.Civ.P. Rule 12(b), the motion is considered as a motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving

party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring

4

to evidence, set out specific facts showing that a genuine issue exists. See <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir.1994); <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Id.</u>

<u>Title VII claims</u>

A timely charge of discrimination under Title VII must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct. This is a precondition to filing a lawsuit in civil court. However, this requirement is subject to waiver, estoppel and equitable tolling. <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), rehearing denied, <u>Independent Federation of Flight Attendants v. Trans World Airlines, Inc.</u>, 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982). See, <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106

(2002) (equitable tolling may operate to save the dismissal of a complaint which is time barred for failure to file a charge with the EEOC within the 300 day limitation period).

The Supreme Court has found that equitable tolling is to be "applied sparingly" and it is the plaintiff who bears the burden of demonstrating equitable tolling is warranted . Morgan, 536 U.S. at 113-114, citing, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), rehearing denied, 467 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); Ramirez v. City of San Antonio, 312 F.3d 178 (5th Cir. 2002), citing, Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002), Conaway v. Control Data Corp., 955 F.2d 358 (5th Cir. 1992), cert. denied, 506 U.S. 864, 113 S.Ct. 186, 121 L.Ed.2d 131 (1992).

Descant and Granger argue that equitable tolling should apply to the instant case because they filed a verification and complaint of discrimination under Title VII with the OFCCP around November 7, 2007 which was well within the 300 day delay period. In support, plaintiffs cite cases in which the courts applied the doctrine of equitable tolling where the charges were filed with a non-EEOC federal agency within the proper time period.

Noted as a factor supporting the courts' decisions in at least two cases was the Supreme Court's view that the limitations period under Title VII was flexible. However, this view is no longer held by the Supreme Court. In National R.R. Passenger Corp. v. Morgan,

the Court examined the language of 42 U.S.C. §200e-5(e)(1) and determined the language showed a clear intention by Congress to mandate filing of Title VII charges with the EEOC within the prescribed time period. <u>Id.</u> at 108-109, citations omitted.

Another factor considered in the cases cited by plaintiffs, which does not apply in this case, is the fact those plaintiffs were not represented by counsel. Counsel is held to a higher standard than a pro se plaintiff and "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002), rehearing denied, 57 Fed.Appx. 213 (5th Cir. 2003), cert. denied, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d. 136 (2003); <u>U.S. v. Riggs</u>, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 539 U.S. 952, 123 S.Ct. 2360, 156 L.Ed.2d 645 (2003).

Additionally, the Sixth Circuit stated in <u>Morgan v. Washington Mfg. Co.</u>, 660 F.2d 710, 711 (6th Cir. 1981), one of the cases cited by plaintiffs:

> We conclude, therefore, that in the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant, equitable considerations should toll the 180 day period for filing a complaint under Title VII when the claimant makes a timely filing with a federal agency, like the Labor Department, which has jurisdiction in some fields of employment discrimination and when that complaint is forwarded to the EEOC shortly after the time period has expired.

There was a lack of diligence by the claimants in this case. Their counsel admits to inadvertently filing their complaint with the

OFCCP. As stated in the OFCCP's letters to Descant and Granger, the "OFCCP has jurisdiction only in matters pertaining to alleged employment discrimination against applicants and employees by federal contractors and subcontractors." (Doc. Item 16-1, p. 18 and 21). Aaron's is neither a federal contractor nor a federal subcontractor; therefore, plaintiffs filed their complaints with an agency which had no jurisdiction. Furthermore, neither plaintiffs nor their counsel followed up with the OFCCP about their case until nine months later. By this time, roughly five months had run since Descant should have filed her complaint and two months had run since Granger should have filed hers. As stated before, counsel is held to a higher standard than the claimants and even pro se claimants have a responsibility to diligently pursue their claims in order for equitable tolling to apply.

The only other argument asserted by plaintiffs is that the court should deem the filing with the OFCCP a constructive filing with the EEOC. The cases the undersigned found which stand for this proposition are all cases in which the plaintiffs were proceeding pro se and the courts determined that the procedural requirements of Title VII were flexible. Voutis v. Union Carbide Corp., 452 F.2d 889 (2nd Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972); Egelston v. State University at Geneso, 535 F.2d 752 (2nd Cir. 1976); EEOC v. Nicholson File Co., 408 F.Supp. 229 (D.Conn. 1976). As explained previously, the

Supreme Court no longer views these procedural requirements as flexible and plaintiffs are represented by an attorney who is considered capable of navigating the procedural requirements of statutes such as 42 U.S.C. §2000e.

Plaintiffs failed to timely file their discrimination complaints with the EEOC within the 300 day period and circumstances of the case do not warrant equitable tolling. Accordingly, plaintiffs' Title VII claims are time barred.

LEDL and State Law Claims

Plaintiffs fail to address either of Aaron's contentions regarding dismissal of their discrimination claims under the LEDL or their state law claims.

As noted by Aaron's, plaintiffs are required to pursue their claims under the LEDL as well as their state law claims within a year of the harassment and discrimination. La. R.S. 23:303(D); La. Civil Code Article 3492. The last time plaintiffs could have been subjected to harassment or discriminatory acts was the last day of their employment. Therefore, Granger had until September 23, 2008 to file her lawsuit and Descant had until June 30, 2008 to file hers. However, neither filed suit until August 28, 2009.

While the prescriptive period for LEDL claims can be suspended for six months under La. R.S. 23:303(D), the suspension may only occur if the matter is under investigation or review by the EEOC or Louisiana Commission on Human Rights. Having previously found that

neither plaintiff actually or constructively filed a charge with the EEOC prior to September 16, 2008, there could be no suspension of the prescriptive period provided for in La. R.S. 23:303(D).

Accordingly, plaintiffs' LEDL and state law claims are time barred.

### Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendants's motion for summary judgment (Doc. Item 9) be GRANTED and Granger's and Descant's claims be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 3rd day of March, 2010.

```
                              _____
                                    JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```