RECEIVED
IN ALEXANDRIA, LA.

JUN 1 4 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ANGEL GRANGER et al.                          CIVIL ACTION NO. 1:09-cv-01634

-vs-                                                                JUDGE DRELL

AARON'S, INC.                                        MAGISTRATE JUDGE KIRK

## R U L I N G

Pending before the Court is a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 9), filed by the Defendant, Aaron's, Inc. ("Aaron's"). We referred this motion to the magistrate judge for consideration (Doc. 18).  The magistrate judge issued a Report and Recommendation suggesting that we grant the Defendant's motion and dismiss the Plaintiffs' claims as time-barred.  (Doc. 28). The Plaintiffs filed timely objections to the Report and Recommendation (Doc. 29). For the reasons that follow, the Report and Recommendation will be ADOPTED IN PART, and the Defendant's motion will be GRANTED IN PART AND DENIED IN PART.  Disposition will follow by a separate judgment.

I.     **Background**

The two named Plaintiffs in this lawsuit, Angel Granger ("Ms. Granger") and Casey Dixon Descant ("Ms. Descant") (collectively, "Plaintiffs"), were employed by Aaron's as customer service representatives.  Aaron's is a business which sells and rents furniture, appliances, and electronics.  The Plaintiffs worked at the Aaron's location in Mansura, Louisiana, which was managed by Kennard Williams ("Mr. Williams").  In their complaint, the Plaintiffs allege that Mr. Williams subjected them

to a pattern of sexual harassment which, in time, forced both of them to resign their positions with Aaron's. Ms. Granger resigned on September 23, 2007, and Ms. Descant resigned on June 30, 2007.

Thereafter, the Plaintiffs retained counsel, and each filed a complaint with the Office of Federal Contract Compliance Programs ("OFCCP") of the Department of Labor in November 2007.[1] From the record, it appears that the Plaintiffs' attorney erred in assisting them by filing their complaints with the OFCCP, as that agency has jurisdiction only over employment discrimination matters involving federal contractors and subcontractors. Aaron's is neither, and as such, the Plaintiffs' complaints were eventually forwarded to the Equal Employment Opportunity Commission ("EEOC"). By that time, however, the limitations period had run on both of their charges.

The EEOC sent Notices of Charge of Discrimination to Aaron's on September 16, 2008, nearly 1 year after they were originally filed with the OFCCP. (Doc. 9-1, Exhs. 2, 3). By order of the magistrate judge, the parties conducted further investigation and discovered that the EEOC actually received the Plaintiffs' charges on September 9, 2008. (Doc. 27, p. 2). However, according to a declaration filed by the Plaintiffs' attorney's legal assistant, OFCCP officials assured the attorney's office that the EEOC would honor the date of the OFCCP filing for statutes of limitations purposes. (Doc. 16-1, Exh. C).

_____

[1] Ms. Granger signed her complaint on October 24, 4 weeks after her resignation, while Ms. Descant signed her complaint on October 28, 17 weeks after her resignation. The Plaintiffs contend that the complaints were forwarded to the OFCCP on November 7, 2007. (Doc. 16-1, Exh. C; Doc. 29-1, p. 2).

The Plaintiffs received "right to sue" letters from the EEOC, and filed the instant action on August 28, 2009 (Doc. 1-2, Exh. A), seeking damages pursuant to: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*; (2) the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:301 *et seq.*; and (3) state law tort theories, such as sexual battery, invasion of privacy, and tortious infliction of emotional distress.  Aaron's removed the lawsuit to this Court on September 17, 2009.  (Doc. 1).  Subsequently, Aaron's filed this Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 9), alleging that all of the Plaintiffs' claims were filed untimely.[2]  After carefully considering the parties' filings, and the magistrate judge's Report and Recommendation (Doc. 28), we are now prepared to rule.

II.   **Law and Analysis**

   A.   **Summary Judgment Standard**

   Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

---

[2]  Although the Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for summary judgment, the Court must consider extra-pleading filings in order to reach its decision.  Specifically, while the Defendant has filed only documentary evidence that was arguably referenced in the pleadings, the Plaintiffs submitted at least some evidence that fell outside of the pleadings.  Fed. R. Civ. P. 12(d) provides as follows:

   If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Aaron's filed a reply to the Plaintiffs' opposition to their motion, in which they could have submitted additional evidence.  Aaron's also replied at length to the Plaintiffs' objections to the motion.  In all, both parties were given full opportunity to brief the case, and have long been aware that the motion was being treated as one for summary judgment.  At no time has any party expressed an objection to the treatment of this motion as a motion for summary judgment.  Therefore, pursuant to Rule 12(d), we must analyze the instant motion as one for summary judgment under Rule 56(c).

> the pleadings, the discovery and disclosure materials on file, and any
> affidavits show that there is no genuine issue as to any material fact
> and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury

could return a verdict in favor of the nonmoving party.  See Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 249-50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and

all of the factual inferences from the evidence . . . in a light most favorable to the

party opposing the motion."  King Realty Co., Inc. v. Chevron USA, Inc., 575 F.3d 510,

517 (5th Cir. 2009).  Any doubts are likewise resolved in favor of the nonmoving

party.  U.S. ex rel. Longhi v. United States, 575 F.3d 458, 465 (5th Cir. 2009).  Once the

movant has directed the Court's attention to portions of the record which reflect the

absence of a genuine issue of material fact, the nonmoving party bears the burden of

demonstrating that a genuine issue of material fact exists.  United States v. $

92,203.00 in U.S. Currency, 537 F.3d 504, 506-07 (5th Cir. 2008).  "However, mere

conclusory allegations are not competent summary judgment evidence, and such

allegations are insufficient, therefore, to defeat a motion for summary judgment."

Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).

**B.      LEDL and State Law Tort Claims**

The magistrate judge recommended that the Plaintiffs' claims under the LEDL

and Louisiana tort law be dismissed.  In their objections to the Report and

Recommendation, the Plaintiffs expressly declined to object to this finding.  (Doc. 29-

1, p. 2, n.1).  Because the magistrate judge's recommendation as to these claims is

well founded, and in the absence of objection from the Plaintiffs, the Court finds that

4

any and all of the Plaintiffs' claims under the LEDL or Louisiana tort law are prescribed.  Accordingly, the magistrate judge's Report and Recommendation will be ADOPTED IN PART as it pertains to the Plaintiffs' LEDL and state law tort claims, the Defendant's motion will be GRANTED IN PART as it pertains to these claims, and these claims will be DISMISSED WITH PREJUDICE.

C.     **Title VII Claims**

A Title VII claimant must file a charge with the EEOC "within 300 days of the alleged unlawful conduct."  <u>Taylor v. United Parcel Serv., Inc.</u>, 554 F.3d 510, 521 (5th Cir. 2008); <u>accord</u> 42 U.S.C. § 2000e-5(e)(1).  If we calculate the 300-day limitations periods for each of the Plaintiffs as having begun on their resignation days, then the limitations periods expired on April 25, 2008 for Ms. Descant, and on July 19, 2008 for Ms. Granger.  Thus, if we mark the filing date by the day that the EEOC received the Plaintiffs' complaints, September 9, 2008, both complaints were untimely.  The two questions before the Court are whether (1) the Plaintiffs' filings with the OFCCP may be considered constructive filings with the EEOC; and (2) whether equitable tolling of the limitations period may be applied in this case.

1.     *Constructive Filing*

Title VII requires that employment discrimination charges be filed with the EEOC.  <u>See</u> <u>id.</u> § 2000e-5(e).  However, the Plaintiffs contend that the filing of their complaints with the OFCCP should be deemed tantamount to filing those complaints with the EEOC.  The complaints were initially, and erroneously, filed with the OFCCP by Plaintiffs' counsel in November 2007, well within the 300-day limitations

period.  The Plaintiffs cite a series of cases, all of which hold that the filing of a

charge with the wrong federal agency did not cause the Title VII filing deadline to

lapse for one reason or another.[3]

Generally, an employment discrimination charge is considered "filed" when,

or in some cases after, *the EEOC receives the charge.*  See Taylor v. Gen. Tel. Co. of

Sw., 759 F.2d 437, 441-42 (5th Cir. 1985).[4]  Although some laxity in interpreting the

Title VII time limitations may have been permitted in the past, Supreme Court

decisions which postdate the opinions cited by the Plaintiffs encourage strict

application of these time limitations.  See, e.g., Mohasco Corp. v. Silver, 447 U.S. 807,

825 (1980) ("By choosing what are obviously quite short deadlines, Congress clearly

intended to encourage the prompt processing of all charges of employment

discrimination. Under a literal reading of the Act, the EEOC has a duty to commence

its investigation no later than 300 days after the alleged occurrence . . . .").  Indeed,

---

[3]  Morgan v. Washington Mfg. Co., 660 F.2d 710, 712 (6th Cir. 1981) ("We conclude, therefore, that in the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant, equitable considerations should toll the 180 day period for filing a complaint under Title VII when the claimant makes a timely filing with a federal agency, like the Labor Department, which has jurisdiction in some fields of employment discrimination and when that complaint is forwarded to the EEOC shortly after the time period has expired."); Egelston v. State Univ. at Geneso, 535 F.2d 752, 755 n.4 (2d Cir. 1976) ("We consider the filing with the OFCC as constituting a filing with the EEOC."); EEOC v. Delaware Trust Co., 416 F. Supp 1040, 1045 (D. Del. 1976) ("Even if . . . receipt of the letter by the OFCC would not constitute a pre-deferral federal 'filing' . . . it can still be construed in a somewhat similar manner as an intervening occurrence which precipitated an equitable 'tolling' of the deadline for the filing of a charge with the EEOC."); EEOC v. Nicholson File Co., 408 F. Supp. 229, 235 (D. Conn. 1976) ("[T]he 210-day time limitation was tolled when [the claimant] filed her complaint with the OFCC. When the complaint was referred to the EEOC and officially filed . . . it was timely."). These opinions rely upon a potpourri of rationales, including a "constructive filing" theory, equitable tolling, and perhaps even a mixture of both.

[4]  Moreover, EEOC regulations at least tangentially support the conclusion that receipt of the charge by the EEOC is the date which should normally be applied.  For instance, amendments to charges "will relate back to the date the charge was first received."  See 29 C.F.R. § 1601.12(b).

in 2002, the Court reaffirmed that "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-09 (2002) (quoting Mohasco, 447 U.S. at 824-25).  These principles weigh against finding that the OFCCP filing date may be imputed as the EEOC filing date.

Furthermore, in rejecting the Plaintiffs' argument, the magistrate judge relied upon NAACP Labor Committee v. Laborers' International Union, where a district court "decline[d] to join the handful of courts which have ruled that filing with the OFCCP satisfies the requirement of filing with the EEOC."  902 F. Supp. 688, 702 (W.D. Va. 1993).  The court repudiated two of the cases cited by the Plaintiffs here, and ultimately found that "[o]nly when the EEOC actually receives the charge does the clock stop."  See id. at 703-04.  No jurisprudence in our circuit directly addresses the question answered by the court in NAACP Labor Committee.  Nonetheless, we find, in accord with NAACP Labor Committee, that the erroneous filing of a discrimination claim with the OFCCP does not constitute the "constructive filing" of a claim with the EEOC.  In so ruling, we rely upon the lack of updated jurisprudential support for the "constructive filing" theory, as well as the Supreme Court's guidance to "strictly adhere" to Title VII's procedural requirements.

The Plaintiffs also reference language in a 1999 Memorandum of Understanding ("MOU") executed between the EEOC and the OFCCP regarding "dual-filed complaints."  The MOU provides as follows:

(a) Duel [sic]-Filed Complaints/Charges—Complaints of employment

7

discrimination filed with OFCCP under Executive Order 11246 will be considered charges simultaneously filed under Title VII whenever the complaints also fall within the jurisdiction of Title VII. For the purpose of determining the timeliness of such a charge, which will be considered dual filed under this paragraph, the date the matter was received by OFCCP shall be deemed to be the date it was received by EEOC.

64 F.R. 17664-02, 17666 (1999).  However, the MOU does not support the Plaintiffs' position here, because the Plaintiffs' charges filed with the OFCCP cannot be considered "dual-filed complaints."

The MOU basically states that complaints filed with OFCCP which "also fall within the jurisdiction of Title VII" will be considered charges filed under Title VII, and the date the OFCCP received the complaint will also be considered the date the EEOC received the charge.  Id.  In this case, however, the OFCCP never had jurisdiction over the Plaintiffs' complaints.[5]  As such, the EEOC did not *also* have jurisdiction; only the EEOC had jurisdiction.  The complaints were not "dual-filed"; they were *erroneously* filed.  Counsel's improper filing of the Plaintiffs' complaints with the OFCCP was not the type of filing contemplated by the MOU.  Therefore, the Plaintiffs' complaints were not "dual-filed," and the date-imputing provision of the MOU cannot be applied.[6]

_____

[5] The Court is aware that both Plaintiffs checked a box on their initial filings with the OFCCP which stated: "[Y]our complaint will be dual-filed as a charge under Title VII of the Civil Rights Act of 1964." (Doc. 16-1, Exhs. A, B). However, checking this box did not prospectively "make it so" for purposes of jurisdiction. The fact remains that the OFCCP never had jurisdiction over the complaints, meaning that the box was checked (and the entire complaint was filed) in error. It is the effects of this error that must control our determination here.

[6] At least one other district court facing this issue held that, if a complaint is filed with the OFCCP over which the OFCCP has no jurisdiction, it cannot be considered a dual-filed complaint under the provisions of an MOU. Meckes v. Reynolds Metals Co., 604 F. Supp. 598, 601 (N.D. Ala.

On the issue of "constructive filing," we ADOPT the magistrate judge's findings in the Report and Recommendation (Doc. 28), with the additional considerations noted herein.  As such, the Court finds that the Plaintiffs failed to timely file a charge with the EEOC.

### 2.   *Equitable Tolling*

The only question that remains is whether the Plaintiff's failure to observe Title VII's 300-day limitations period may be excused by the doctrine of equitable tolling.  To repeat, the Plaintiffs had 300 days from the alleged discriminatory conduct within which to file an EEOC charge.  See 42 U.S.C. § 2000e-5(e)(1); Taylor, 554 F.3d at 521.  "However, 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'"  Id. (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

We note, and the Plaintiffs concede, that the doctrine of equitable tolling should be applied "sparingly."  Morgan, 536 U.S. at 113.  Moreover, a party who fails to file a charge within the 300-day limitations period must bear the burden of "demonstrating a factual basis to toll the period."  Conaway v. Control Data Corp., 955 F.2d 358, 362 (5th Cir. 1992).  "As a general rule, equitable tolling operates only

---

1985) ("Since OFCCP was never a proper place to file any kind of age discrimination claim, plaintiff's delivery to OFCCP of a charge of age and sex discrimination, though effective as a 'filing' of her sex discrimination claim, was not a 'filing' of an ADEA charge and could not constitute a 'joint' filing with EEOC under the Memorandum.").  On a similar issue, the Fifth Circuit has held that an OFCCP investigation cannot exhaust administrative remedies before the EEOC.  McClain v. Lufkin Indus., Inc., 519 F.3d 264, 274-75 (5th Cir. 2008).  These cases support our conclusion that an OFCCP filing does not automatically satisfy the requirement to file a charge with the EEOC.

'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998)).  More specifically, the Fifth Circuit

> has recognized three possible and non-exclusive bases for tolling the
> time period for filing a [discrimination] charge [under Title VII]: (1) the
> pendency of a suit between the same parties in the wrong forum; (2)
> plaintiff's unawareness of the facts giving rise to the claim because of
> the defendant's intentional concealment of them; and (3) the EEOC's
> misleading the plaintiff about the nature of her rights.

Harrison v. Estes Express Lines, 211 F. App'x 261, 264 (5th Cir. 2006) (citing Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995)); accord Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 880 (5th Cir. 2003).  Importantly, "[e]quitable tolling is not warranted when an attorney merely commits error or neglect." Baldwin v. Layton, 300 F. App'x 321, 324 (5th Cir. 2008) (citing Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)).  Ignorance of the law is also not a justification for equitable tolling.  See Fisher v. Johnson, 174 F.3d 710, 713-14 (5th Cir. 1999).

The Plaintiffs make no accusation that Aaron's attempted to conceal any facts surrounding the claim, meaning that the second scenario is inapposite in this case. Thus, we consider the first tolling scenario: "the pendency of a suit between the same parties in the wrong forum." Harrison, 211 F. App'x at 264.  The Fifth Circuit has clarified that this scenario arises only in "the rare case when the parties have been litigating an action in state court, but they later discover that they chose the wrong forum under state law." Manning, 332 F.3d at 880.  Here, the delay was not

caused by the pendency of a parallel state proceeding.  Rather, the delay occurred while the Plaintiffs' complaints were ostensibly being investigated by the OFCCP.

Next, we examine the third recognized tolling scenario: "the EEOC's misleading the plaintiff about the nature of her rights."  Harrison, 211 F. App'x at 264.  In order to equitably toll the limitations period on this ground, the proponent must demonstrate that the agency provided information that was "affirmatively wrong."  Ramirez v. City of San Antonio, 312 F.3d 178, 184 (5th Cir. 2002).  An "accurate, but incomplete, oral statement" given by an agency employee may not be the basis for equitable tolling.  Conaway, 955 F.2d at 363 ("Allowing a plaintiff equitably to toll a time limitation based on incomplete information provided in a telephone conversation would create a great potential for abuse.").

Here, OFCCP representatives did not necessarily misinform the Plaintiffs.  They made no statements which were factually inaccurate.  From the evidence presently before us, we may glean that the OFCCP representatives informed counsel's staff members that the claim was being investigated, and that they should wait for the results of that investigation.  Counsel's office was incorrectly informed that the charge was "dual-filed" *only after* both of the Plaintiffs' claims had expired.  In a similar case, the district court found that equitable tolling was justified when EEOC officials told a plaintiff who had improperly filed a discrimination complaint that "she should remain patient and wait for the EEOC to contact her . . . [and] did not give any indication that [she] should take any affirmative steps to protect her rights."  Lane v. Wal-Mart Stores East, Inc., 69 F. Supp. 2d 749, 755 (D. Md. 1999).

11

OFCCP representatives said very much the same thing to counsel's staff members in this case.  But these acts do not rise to the level of providing information that is "affirmatively wrong."  <u>Ramirez</u>, 312 F.3d at 184.

In short, this case does not neatly fit within the list of three tolling scenarios identified by the Fifth Circuit.  Again, however, this list is not exclusive.  <u>Tillison v. Trinity Valley Elec. Co-op. Inc.</u>, 204 F. App'x 346, 348 (5th Cir. 2006) (citing <u>Manning</u>, 332 F.3d at 880).  Other courts have offered guidance as to the tolling standard as well.  For instance, the Supreme Court has noted that equitable tolling may be "allowed . . . in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period."  <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).  The Third Circuit has held that tolling may be proper "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum," which is precisely what happened in this case.  <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1022 (3d Cir. 1997).  Likewise, as the magistrate judge noted, the Sixth Circuit has articulated the following standard for equitable tolling in Title VII cases:

> [I]n the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant, equitable considerations should toll the 180 day period for filing a complaint under Title VII when the claimant makes a timely filing with a federal agency, like the Labor Department, which has jurisdiction in some fields of employment discrimination and when that complaint is forwarded to the EEOC shortly after the time period has expired.

<u>Morgan</u>, 660 F.2d at 712; <u>see also</u> <u>Lopez v. Bulova Watch Co., Inc.</u>, 582 F. Supp. 755, 764 (D.R.I. 1984) ("Equity has intervened to forestall terminal consequences in

12

'wrong agency' filings in other contexts, when the setting has so warranted.").

We take careful note of the fact that the Plaintiffs in this case were represented by counsel.  That fact certainly detracts from the Plaintiffs' equitable tolling arguments.  As noted previously, an attorney's error typically does not justify equitable tolling.  <u>Cousin</u>, 310 F.3d at 849.  Indeed, in a comparable case, plaintiff's counsel filed an age discrimination charge which was received by the Office of Civil Rights, Department of Labor, rather than the EEOC.  <u>Moore v. Astra Pharm. Prods., Inc.</u>, No. 91-2206, 1992 WL 59372, at *2 (E.D. La. Mar. 19, 1992).  The district court held that the limitations period had not been tolled, because the plaintiff was represented by counsel, and was "therefore charged with knowledge of the relevant [statutory] provisions and the procedural requirements of filing an EEOC complaint." <u>Id.</u> at *3.[7]

In this case, however, the issue is not whether we should equitably toll the limitations period because of counsel's error alone.  No doubt, Plaintiffs' counsel plainly erred in filing the charges with the OFCCP.  In fact, the form on which the Plaintiffs' complaints were submitted is captioned: "Complaint of Discrimination in Employment Under Federal Government Contracts."  (Doc. 16-1, Exh. A).  This language clearly denotes that the Plaintiffs' claims did not belong with the OFCCP.

---

[7] <u>See also</u> <u>Johnson v. Henderson</u>, 234 F.3d 367, 368 (8th Cir. 2000) ("[T]he materials unambiguously informed Plaintiff of the correct office with which to file the complaint and of the deadline for filing, and . . . the erroneous filing was his or his attorney's-not [the defendant's]-fault, so that equitable tolling does not apply."); <u>Rubitsky v. Am. Sterilizer Co., Inc.</u>, No. CA 91-12842-T, 1993 WL 306281, at *5 (D. Mass. May 27, 1993) ("[I]n cases where the employee has retained an attorney during the limitations period, he is charged with constructive knowledge of all procedural requirements under the ADEA.").

At the same time, the Plaintiffs were represented by counsel, and thus were not merely lay persons marooned in the procedural maze surrounding Title VII.

But, we must consider the totality of the circumstances in our decision as to equitable tolling.  See Prieto v. Quarterman, 456 F.3d 511, 516 (5th Cir. 2006).  Put simply, counsel's error was not the only factor which contributed to the untimeliness of the Plaintiffs' EEOC charges.  Instead, according to the evidence before the Court, the following facts militate in favor of equitably tolling the limitations period in this case: (1) the Plaintiffs quickly sought legal redress after resigning from Aaron's by retaining counsel; (2) the Plaintiffs acted diligently to protect their rights and preserve their claims by filing discrimination complaints well within the limitations period, albeit mistakenly with the OFCCP; (3) the complaints were forwarded to the OFCCP shortly after their completion, and months before the expiration of the limitations period; (4) counsel's staff made at least six phone calls to investigate the status of the Plaintiffs' claims before the limitations period had run, and were purportedly convinced that they were speaking to the EEOC[8]; (5) OFCCP representatives at no time informed the staff members that the agency had no jurisdiction over the claims, and instead assured them that the claims were being investigated; (6) the OFCCP delayed from November 2007 to September 2008 in informing the Plaintiffs that their complaints had been filed in error, while the

---

[8]  A June 27, 2008 email from a staff member to Plaintiffs' counsel begins with the following sentence: "I talked to the EEOC regarding Miss Angel Granger's case." (Doc. 33-1, Exh. 1).  The Court strains to imagine how the staff members may have been convinced that they were speaking to EEOC representatives, when in fact they were speaking to OFCCP representatives.  This fact is not controlling in any case (if true, it merely constitutes proof of error), but it does lend at least some credence to the Plaintiffs' arguments.

limitations for both Plaintiffs expired during that time[9]; (7) the EEOC continues to assure the Plaintiffs that their complaints were timely filed; and (8) no prejudice likely resulted to Aaron's.[10]

The Court recognizes the danger of allowing plaintiffs to casually blame their attorneys for erroneous filings, and of attorneys evading responsibility for such filings on the grounds of "justifiable error" or "administrative delay."  We neither endorse nor tolerate these arguments.  The Court is also aware that equitable tolling is a remedy which should be applied only in "rare and exceptional circumstances."  United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 1992) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  This case presents exceptional circumstances, however.  Our ruling in no way excuses counsel's error, or seeks to "open the flood gates" to otherwise time-barred litigation.  Rather, we merely find that the unusual events in this case - in particular, the glaring and lengthy administrative oversight - tips the balance of equities in the Plaintiffs' favor.[11]

---

[9] Another district court held that equitable tolling was warranted when "plaintiff was prevented from asserting his rights before the EEOC because the Labor officials never informed him that he was before the wrong agency."  Dickerson v. U.S. Steel Corp., 439 F. Supp. 55, 59 (E.D. Pa. 1977).

[10] We note the Defendant's argument that it first received notice of the charges in September 2008, after the limitations period had expired.  However, this delay was not caused by the Plaintiffs. While the erroneous filing with the OFCCP may have caused a delay in receipt of the EEOC notice, if Aaron's never received notice of the OFCCP complaints (and if such a notice was required), then the OFCCP is clearly at fault.  The Court will not punish the Plaintiffs for the OFCCP's failure to observe and follow its own regulatory guidelines.  Nonetheless, the Defendants do not highlight how they may have been prejudiced by any such delay, especially when a full administrative review was conducted before the EEOC.

[11] The Defendants argue, and the magistrate judge concluded, that the Plaintiffs failed to exercise due diligence in inquiring as to the status of the complaints.  We disagree.  It is true that equitable tolling is a remedy available only to parties who diligently pursue their rights.  See Caldwell v. Dretke, 429 F.3d 521, 530 n. 23 (5th Cir. 2005).  However, as noted above, counsel's staff repeatedly

Accordingly, the magistrate judge's Report and Recommendation (Doc. 28) is NOT ADOPTED with regard to this issue.  Instead, the Motion for Summary Judgment (Doc. 9), as it pertains to the Plaintiffs' Title VII claims, will be DENIED IN PART.

III.   **Conclusion**

Our conclusion in this case rests upon narrow, equitable grounds.  Following this ruling, the Plaintiffs will have their day in court despite counsel's error.  That, however, is only because the unique facts of this case justify application of the elusive doctrine of equitable tolling.  The circumstances surrounding the pending motion fall between a number of scenarios which traditionally warrant tolling in our circuit.  But the Court's equity powers exist to address cases which do not fit neatly into categories, and in which the demands of justice would be served by exercising those powers.  As this is such a case, summary disposition of the Plaintiff's claim is not appropriate.

SIGNED on this 14 day of June, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

_____

inquired as to the status of the Plaintiffs' complaints, and was assured that the complaints were being processed and investigated.

16