

APR 2 5 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
March 24, 2011
Lyle W. Cayce
Clerk

No. 10-30789
Summary Calendar

D.C. Docket No. 1:09-CV-1634

ANGEL GRANGER; CASEY DIXON DESCANT,

  Plaintiffs - Appellees

v.

AARON'S, INCORPORATED,

  Defendant - Appellant

Appeal from the United States District Court for the
Western District of Louisiana, Alexandria

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that defendant-appellant pay to plaintiffs-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE:
APR 1 5 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
          Deputy

New Orleans, Louisiana

APR 1 5 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2011

Lyle W. Cayce
Clerk

No. 10-30789
Summary Calendar

---

ANGEL GRANGER; CASEY DIXON DESCANT,

        Plaintiffs - Appellees

v.

AARON'S, INCORPORATED,

        Defendant - Appellant

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

    Before us is an interlocutory appeal of an order allowing this employment discrimination suit to proceed despite an arguably late filing. The district court applied equitable tolling. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

    Angel Granger and Casey Dixon Descant worked at the Aaron's store in Mansura, Louisiana. They claim their supervisor, store manager Kennard Williams, engaged in a pattern of sexual harassment that Aaron's failed to halt. This harassment led Descant to resign on June 30, 2007, and Granger to resign

on September 23, 2007. Each had 300 days from their resignation to file an administrative charge of employment discrimination.

Both sought legal counsel. On November 7, 2007, their attorney forwarded their signed complaints of discrimination to the Office of Federal Contract Compliance Programs ("OFCCP"), an agency within the U.S. Department of Labor that enforces equal employment opportunities for employees of federal contractors. The OFCCP could not resolve these claims because Aaron's is not a federal contractor. Granger and Descant's attorney instead should have filed the complaints with the Equal Employment Opportunity Commission ("EEOC").

Over the next several months, and before the 300-day period expired for filing the administrative claim, staff for Granger and Descant's attorney made at least six phone calls to the OFCCP. The lawyers' staff apparently were convinced they were speaking with the EEOC. The OFCCP never said that Granger and Descant's complaints were filed with the wrong office. It assured the staff that it was investigating the claims. The OFCCP also did not follow its own regulations requiring it to notify an employer within ten days of receiving a discrimination complaint.

Descant's 300-day period to file with the EEOC expired on April 25, 2008. Granger's expired on July 19, 2008. On those dates, the complaints were still pending with the OFCCP.

On September 4, 2008, the OFCCP closed Granger and Descant's files because Aaron's is not a federal contractor. It simultaneously transferred the complaints to the EEOC, which received them on September 8. On September 16, the EEOC issued a charge of discrimination to Aaron's. The EEOC assured Granger and Descant that their complaints would be treated as timely. They received "right to sue" letters.

Granger and Descant filed suit in state court in August 2009. After removal to United States District Court, Aaron's filed a motion to dismiss or in

2

the alternative for summary judgment. It argued that Granger and Descant had failed to file a charge of discrimination with the EEOC within 300 days of their separation. Aaron's had not been notified of any administrative complaint until the EEOC's charge in September 2008.

Granger and Descant argued that their claims were constructively filed with the OFCCP. They pointed to a Memorandum of Understanding ("MOU") between the EEOC and OFCCP that requires discrimination claims timely filed with the OFCCP to be treated as "dual-filed" with the EEOC. Granger and Descant noted that the EEOC agreed and had accepted their claims as timely.

Alternatively, Granger and Descant argued that the district court should equitably toll the 300-day deadline because of the OFCCP's representations that it was processing their claims, among other facts arguably in their favor.

The district court considered materials outside of the pleadings and treated the motion as one for summary judgment. It held that the MOU did not apply to Granger and Descant's claims because the OFCCP never had jurisdiction over them. The court agreed that the 300-day deadline should be equitably tolled, and denied summary judgment. The district court certified the decision for interlocutory appeal, and we also permitted the appeal.

## DISCUSSION

### I. *Constructive Filing under the MOU*

The MOU requires the EEOC to accept charges of discrimination timely filed with the OFCCP. It states, in relevant part:

> Complaints of employment discrimination filed with OFCCP under Executive Order 11246 will be considered charges simultaneously filed under Title VII whenever the complaints also fall within the jurisdiction of Title VII. For the purpose of determining the timeliness of such a charge, which will be considered dual filed under this paragraph, the date the matter was received by OFCCP shall be deemed to be the date it was received by EEOC.

64 Fed. Reg. 17664-02, 17666 (Apr. 12, 1999). In the present case, the EEOC relied upon the MOU to conclude that Granger and Descant's charges of discrimination were dual-filed with the EEOC as of November 13, 2007. This date satisfies the 300-day requirement.

The district court disagreed. It interpreted the MOU as permitting dual-filing only when the complaints filed with the OFCCP "also fall within the jurisdiction of Title VII." *Id.* The court found dual-filing improper because "the OFCCP never had jurisdiction over the Plaintiffs' complaints. As such, the EEOC did not *also* have jurisdiction; only the EEOC had jurisdiction. The complaints were not 'dual-filed'; they were *erroneously* filed."

We review the district court's legal interpretation *de novo*. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).

The EEOC has filed an amicus brief urging us to reject the district court's interpretation. It seeks to preserve dual-filing even for complaints where the OFCCP lacks jurisdiction, in order to strengthen enforcement and increase efficiency. It argues that its reading of the MOU is reasonable and entitled to deference, and has been adopted by other courts.

Aaron's contends that Granger and Descant waived any challenge to the district court's interpretation of the MOU by failing to appeal or cross-appeal. "[I]n the absence of a cross-appeal, an appellate court has no jurisdiction to modify a judgment so as to enlarge the rights of the appellee or diminish the rights of the appellant." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 250 (5th Cir. 2010) (quotation marks and citations omitted).

We restate the procedures that brought the case here. The district court granted Aaron's motion for certification under 28 U.S.C. § 1292(b), and we granted leave to appeal. Our jurisdiction thus extends "to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court. . . . [T]he appellate court may address any issue fairly included

within the certified order because it is the *order* that is appealable . . . ." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (quotation marks and citation omitted).

We decline to rule on waiver or on the meaning of the MOU. Neither issue is a necessary part of the answer to whether the district court was correct to allow this suit to proceed. Because we affirm on equitable tolling, we need not reach the district court's interpretation of the MOU.

*II.    Equitable Estoppel*

Granger and Descant did not file charges of discrimination with the EEOC within 300 days of their resignation from Aaron's. *See* 42 U.S.C. § 2000e-5(e)(1). "However, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008) (quotation marks and citation omitted). The district court applied equitable tolling.

Parties dispute the correct standard of review. A number of our decisions review equitable tolling for abuse of discretion. *Teemac*, 298 F.3d at 456 & n.7 (collecting cases). A recent precedent applies that standard. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010).

There is some contrary authority holding that we are to conduct a *de novo* review. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 & n.5 (5th Cir. 2002) (citing *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 881 (5th Cir. 1991). There, the court determined it was bound by an early case that had reviewed equitable tolling of employment discrimination claims *de novo*. *Id.* at 183 n.5. "Although one recent case suggests that the proper standard is abuse of discretion, we are bound by the earlier precedent." *Id.* (citation omitted). We conclude, though, that the following precedent, predating the one relied upon in *Ramirez*, is controlling:

Nor has Barrs shown that a determination that he failed to demonstrate grounds for equitable tolling constitutes a plain abuse of discretion; he has not established that his case falls within the narrow class of cases in which the equities in favor of tolling the limitations period are so great that deference to the agency's determination is inappropriate.

*Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (per curiam). Under our rule that one panel cannot overturn the decision of an earlier one, the *Barrs* case takes precedence. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

We agree, of course, that a district court conclusion that tolling was legally unavailable due to the court's interpretation of a statute, regulation, or caselaw would be reviewed *de novo*. *See Teemac*, 298 F.3d at 456; *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993). Here, because the application of equitable tolling was a fact-specific, discretionary matter, the appropriate standard of review is abuse of discretion. *See Fisher v. Johnson*, 174 F.3d 710, 713 & n.9 (5th Cir. 1999).

Equitable tolling is to be applied "sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The plaintiff has the burden to provide justification for equitable tolling. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam). We have described at least three bases for equitable tolling:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Id.* (citation omitted). The court described these as "possible bases," which we conclude leaves the door open to recognize other ones. *Id.*

We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009). We are more forgiving, though, when a claimant or her attorney has exercised due diligence in pursuing her rights. *Wilson*, 65 F.3d at 404-05; *e.g., Prieto v. Quarterman*, 456 F.3d 511, 514-15 (5th Cir. 2006). We have considered it relevant whether "the plaintiff took some step recognized as important by the statute before the end of the limitations period." *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999)

The district court observed that this case does not fall into any of the most common categories. The third category is closest, but there were no affirmative misrepresentations by the OFCCP or the EEOC. Instead, the court identified authorities holding that "equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence." *Id.* at 917; *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 712 (6th Cir. 1981). It also considered whether Aaron's had demonstrated prejudice and whether the balance of equities tipped in favor of seeing Granger and Descant's claim survive. *See Morgan*, 660 F.2d at 712; *see also Holland v. Florida*, 130 S. Ct. 2549, 2562-63 (2010); *Fisher*, 174 F.3d at 713 n.11.

The district court did not abuse its discretion in concluding that the facts warranted equitable tolling. Granger and Descant secured counsel soon after their resignation from Aaron's. Their signed complaints were submitted to the government months before the 300-day period expired. Their attorney's staff made repeated contact with the OFCCP, which never communicated the filing error and maintained that the complaints were under investigation. The government's lengthy delay was egregious and exceptional. The court found that Aaron's had not shown it was prejudiced by the delay.

Aaron's correctly emphasizes that Granger and Descant were represented by counsel, and that Granger and Descant are bound by their attorney's failings. *See Harris*, 628 F.3d at 239-40. Certainly, the attorney made an obvious mistake in sending his clients' signed charges of discrimination to the wrong office. Even the form Granger and Descant used to submit their complaint reveals their attorney's basic error.

The fact that a complainant is represented, though, does not automatically bar the application of equitable tolling. In one precedent, we concluded that the plaintiff "clearly did not sleep on her rights, and her attorneys, skilled or not, made an error. Tolling is the only remedy for the regulatory violation, and it is a remedy that fits." *Perez*, 167 F.3d at 919.

In this case, the circumstances favor permitting Granger and Descant's claims to proceed. They were diligent about pursuing their rights and their attorney diligently and repeatedly followed up on their claims within the 300-day period, notwithstanding his filing in the wrong forum. In light of their actions, the government's considerable errors and neglect, and the lack of demonstrated prejudice to Aaron's, this case presents sufficiently rare circumstances (we trust) to support the district court's application of equitable tolling.

AFFIRMED.

# United States Court of Appeals
## FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

April 15, 2011

Mr. Tony R. Moore
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 10-30789, Angel Granger, et al v. Aaron's, Incorporated
    USDC No. 1:09-CV-1634

Enclosed, for the Western District of Louisiana, Alexandria only, is a copy of the judgment issued as the mandate, and a copy of the court's opinion.

The electronic copy of the record has been recycled.

    Sincerely,

    LYLE W. CAYCE, Clerk

    By: _Sabrina Hains_
    Sabrina M. Hains, Deputy Clerk
    504-310-7695

cc: (letter only)
    Honorable Dee D. Drell
    Ms. Christine S. Goldberg
    Mr. Benjamin Ascher Luke Sr.
    Mr. Vasilios Manthos
    Mr. Michael P. Maraist
    Mr. Eric Ray Miller
    Ms. Barbara L. Sloan

P.S. to Judge Drell: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1